## CITY OF NEWPORT v. JAMES TAYLOR ET AL.

**Municipal Corporations—Taxation—Agricultural Land.**

Section 1740, Act March 4, 1869, relating to an addition to the city of Newport, required that such portion of the land added and the persons residing thereon shall be subject to taxation according to the general provisions of the city charter, but any portion remaining in the hands of T. without being laid out into town lots, and in good faith used for agricultural purposes shall only be taxed by the acre.

**Municipal Corporations—Additions—Taxation.**

The legislature has power to make additions to cities upon such terms and conditions as to taxation as it may deem proper to prescribe.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

March 21, 1874.

OPINION BY JUDGE LINDSAY:

If the city of Newport has the right to compel appellees to list for municipal taxation, the articles of personal property enumerated in the schedules on file with the petition, it is derived from the acts of the general assembly approved March 4, 1869, and numbered respectively, chapters 1740 and 1741.

The two acts relate to the same subject (the addition made or about to be made to the city of Newport by James Taylor), and must be treated and construed, so far as the question of taxation is concerned, as one statute. Chapter 1741 provides that certain

tracts of land therein after described should be "added to and made part of the city of Newport, by James Taylor, subject to all the laws and regulations relating to said city as now (then) established." Chapter 1740 provides that one of said tracts of land should not be subject to any tax or assessment while owned by Taylor, for the period of four years, and also, that "if at the end of the four years, any part of said tract of land should not be laid off by him into lots, but used by him for agricultural purposes, the same shall be taxed at the fair rate, as such by the acre, and not as town lots."

It thus appears that the extension of the city boundaries so as to include this land was not absolute and unconditional. The contract entered into between Taylor and the city, in January, 1869, shows upon its face that Taylor questioned the power of the general assembly to subject this property to municipal taxation, and that he consented to withdraw opposition to the proposed extension of the city boundaries upon condition that this land should be subject to city taxation of a given character, which is accurately and minutely defined, not only in the contract but in the acts subsequently passed.

These facts may estop Taylor to question the constitutionality of the taxation provided for in these acts, but he has the undoubted right to insist that the municipality shall be confined to the exact grant of power contained in the two acts, and in order to ascertain the extent of this grant, the provisions of both acts must be considered.

It is an admitted principle that municipal corporations can levy and collect no taxes or assessments unless the power be plainly and unmistakably conferred. The delegation of power must be in express words, or the implication must result necessarily from powers clearly granted. The portion of Chapter 1741 which subjects the tracts of land added to the city to the laws and regulations then applicable thereto, would, if left without qualification, authorize us to assume that the legislature intended to apply to the people and property found within that territory, the same rule of taxation with persons and property within the original boundary of the city.

Chapter 1740, however, shows clearly that such was not the legislative intention, so far as the laws therein described are concerned. Therefore, as to the lands and the persons residing thereon, no right of taxation can be implied. We must look to the language of the

act for that delegation of power. When we do this we find that no part of that territory could be taxed at all during four years, provided Taylor continued to own it, and at the end of that time, so much as he might continue to use as farming lands should be taxed by the acre, and not as town lots. The conclusion is inevitable, that the legislature intended that as for any portion of this tract of land, such portion and the persons residing thereon should be subject to taxation according to the general provisions of the city charter, but so long as any portion remained in Taylor's hands without being laid out into town lots, and in good faith used for agricultural purposes, the taxation by the acres should be accepted as a discharge in full of all claim against either the persons or property of those residing on that portion so held and used.

The policy of justice of these acts are matters with which we have nothing to do. The legislature had full and complete power over the subject, as it could have refused to make the addition at all. We cannot doubt that it had the power to make it upon such terms as it might see proper to prescribe.

The judgment of the chancellor perpetuating the injunction must be affirmed.

*Hawkins, Boden, for appellant.*

*Hallam, Taylor, for appellees.*